**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LUIS LEMUS,

          Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

          Respondent.

No. 11-71092

Agency No. A088-451-845

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:    LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Luis Lemus, a native and citizen of Peru, petitions for review of the Board of

Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum and withholding of removal. Our

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings. *Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Lemus failed to demonstrate past persecution or a well-founded fear of future persecution on account of a protected ground. *See id.* at 1098 (mistreatment motivated purely by personal retribution does not bear a nexus to a protected ground); *see also Santos-Lemus v. Mukasey*, 542 F.3d 738, 746-47 (9th Cir. 2008) (rejecting petitioner's claim where he "provided no evidence that his opposition to the gang's criminal activity was based on political opinion"), *overruled on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc). We lack jurisdiction to consider Lemus' unexhausted contention regarding a "hybrid" nexus analysis. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Thus, Lemus' asylum and withholding of removal claims fail. *See Zetino v. Holder*, 622 F.3d 1007, 1015-16 (9th Cir. 2010).

The 90-day stay of proceedings granted on November 13, 2015, has expired. Respondent's motion to lift the stay is denied as moot.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

11-71092